John P. Fitzgerald, III
Acting United States Trustee
For Region 4
1725 Duke Street, Suite 650
Alexandria, VA 22314
Jack Frankel, Attorney, VSB # 15019
(703) 557-7229

**United States Bankruptcy Court**
**Eastern District of Virginia**
<u>**Alexandria Division**</u>

**In re:**                                                             **Case No. 21-11341-KHK**

**Farhad Ghafoor,**

    **Debtor.**                                                             **Chapter 11**

<u>**Objection to Application to Employ Debtor's Counsel**</u>

Comes Now, John P. Fitzgerald, III, Acting United States Trustee for Region 4, and files this objection to the Application to Employ Debtor's Counsel. Docket No. 13.

<u>*Summary*</u>

*Debtor's counsel previously represented the Debtor, Debtor's father and Debtor's brother in a lawsuit. Judgment was obtained against all three of them, jointly and severally. The father and brother are creditors. Although counsel may no longer be representing them, counsel has an on-going duty of loyalty to them as former clients. This on-going duty of loyalty to former clients and creditors renders counsel not a "disinterested person" as required by the Bankruptcy Code. Unlike other areas of the law, even the consent of the father and brother to this conflict cannot override the high ethical mandates required for employment in bankruptcy. The application should be denied.*

In support of this objection the following representations are made:

1. On July 30, 2021, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. Docket No. 1.

2. On August 2, 2021, the Debtor filed an application to employ Washington Global Law Group, PLLC, as Debtor's attorney. Application to Employ Counsel, Docket No. 13.

3. Counsel for the Debtor must be a "disinterested person." 11 U.S.C. § 327(a). [1]

4. Proposed counsel is not a "disinterested person" as defined by the Bankruptcy Code.

5. Accompanying the application was a declaration that stated, in part, "I [Kermit Rosenberg] formerly represented the Debtor, his father Abdul Ghafoor, and his brother Abdullah Shafi Ghafoor in connection with a judgment against them jointly and severally in favor of Afghan Growth Finance, LLC, a scheduled creditor herein." Declaration of Proposed Counsel, ¶ 3, Docket No. 13-1.

6. Afghan Growth Finance LLC is listed as a creditor having an undisputed, unsecured claim in the amount of $2,660,861.49. List of Creditors Who Have the 20 Largest Unsecured Claims Against You and Are Not Insiders, Docket No. 1.

7. Afghan Growth Finance LLC claim is the largest unsecured claim against the Debtor.

8. As co-obligors in the judgment, the interest of the Debtor to his co-obligors and former clients of Debtor's proposed counsel have claims against one another and are adverse.

9. Proposed Debtor's counsel also has a duty of loyalty to the former clients.

10. "[I]t is clear that all attorneys owe a duty of undivided loyalty to the clients which have hired them. Clients have a right to expect that their lawyers will not accept money from other parties to act in a manner that is adverse to their interests." Pierce & Weiss, LLP v. Subrogation Partners LLC, 701 F. Supp. 2d 245, 252 (E.D.N.Y. 2010) (citation omitted).

---

[1] The term "disinterested person" means a person that--

(A) is not a creditor, an equity security holder, or an insider;
(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101

11. "The fiduciary duty of an attorney extends both to current clients and former clients and is broader in scope than a cause of action for legal malpractice. Fiduciary duties created by an attorney-client relationship may be breached even though the formal representation has ended." C.J.S. Attorney & Client § 344 (footnotes omitted).

12. The ethical standards relating to the practice of law before this Court is the Virginia Rules of Professional Conduct. Local Rule 2090-1(I).

13. The Acting United States Trustee recognizes that Rule 1.9 of the Virginia Rules of Professional Conduct allows an attorney to represent a client even if the client's interests conflicts and are adverse to a former client with consent.[2]

---

[2] Rule 1.9 of the Virginia Rules of Professional Conduct, Conflict of Interest: Former Client, states:

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which firm with which the lawyer formerly was associated had previously represented a client:

(1) whose interests are materially adverse to that person; and
(2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;

unless both the present and former client consent after consultation.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to or gained in the course of the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

14. While the Virginia Rules of Professional Conduct allows for the waiver of a conflict of interest, the Bankruptcy Code does not.

15. As several courts have stated:

> What may be ethically acceptable in commercial settings (*e.g.,* waivers upon informed consent) will not necessarily pass muster under section 327."). *But cf. In re Lee,* 94 B.R. 172, 179 (Bankr.C.D.Cal.1988) (under Rule 5–102 of the California Rules of Professional ConductRule 5–102 of the California Rules of Professional Conduct, attorney desiring to represent both a debtor in possession and a conflicting interest must obtain a written waiver from the debtor, *all creditors* and the United States trustee).
>
> In re Granite Partners, L.P., 219 B.R. 22, 34 (Bankr. S.D.N.Y. 1998) (emphasis added)

> The Code does not authorize a bankruptcy court to weigh the totality of the circumstances when permitting the employment of professionals. Rather, the Code provides guidelines so that the court is not permitted to adopt a balancing approach.
>
> In re Envirodyne Indus., Inc., 150 B.R. 1008, 1018 (Bankr. N.D. Ill. 1993)

Congress has explicitly stated that a professional's representation of a creditor in another case does not automatically disqualify it from being retained under section 327. *See* 11 U.S.C. § 327(c) ("a person is not disqualified for employment under this section solely because of such person's employment or representation of a creditor"). The statute, however, *requires* disqualification of a professional following an objection from the U.S. Trustee or a creditor where there is an actual conflict of

interest. *Id.* ("the court shall disapprove such employment if there is an actual conflict of interest"). Section 327(c) acknowledges the difficulties debtors have in large chapter 11 bankruptcies to retain competent attorneys with the resources to handle the scope of the cases.  The statute "prevents disqualification based *solely* on the professional's prior representation of or employment by a creditor" but does not obviate the essential requirement that a professional not have an interest adverse to the estate. Thus, even where section 327(c) is applicable, if a court determines that there is an actual conflict of interest following an objection from the U.S. Trustee or a creditor the court must disapprove the employment.

In re Project Orange Assocs., LLC, 431 B.R. 363, 371 (Bankr. S.D.N.Y. 2010) (citations omitted).
_____

There is an actual conflict of interest in this situation.

Wherefore, the application to approve the employment of counsel should be denied.

>John P. Fitzgerald, III
>Acting United States Trustee
>For Region 4
>
>/s/  Jack Frankel
>Jack Frankel, Attorney
>1725 Duke Street, Suite 650
>Alexandria, VA 22314
>(703) 608-5833

## Certificate of Service

I hereby certify that on the 6th day of August, 2021, I e-mailed a copy of this objection to Kermit A. Rosenberg, Esq., Attorney for Debtor, Email: krosenberg@washglobal-law.com.

>/s/ Jack Frankel